# EXHIBIT A

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Christopher A. Seabock, Esq., SBN 279640
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/15/2020 at 12:28:00 PM
Clerk of the Superior Court
By Kristin Sorianosos, Deputy Clerk

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

|  |  |
|---|---|
| **Orlando Garcia,**<br><br>    Plaintiff,<br><br>    **v.**<br><br>**Seven Seas Associates, LLC**, a California Limited Liability Company;<br>**Best Western International, Inc.**, an Arizona Corporation; and Does 1-10,<br><br>    Defendants, | **Case No.** 37-2020-00035811-CU-CR-CTL<br><br>**First Amended Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Orlando Garcia complains of Seven Seas Associates, LLC owner of Best Western Seven Seas Hotel, San Diego, California; Best Western International, Inc., operator of the bestwestern.com website; and Does 1-10 ("Defendants"), and alleges as follows:

1

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from cerebral palsy. He has the use of only one arm. He uses a wheelchair, walker, or cane for mobility.

2.  Defendant Seven Seas Associates, LLC, owns and operates Best Western Seven Seas Hotel, 411 Hotel Circle South, San Diego, California, currently and at all times relevant to this complaint.

3.  Defendant Best Western International, Inc. owns and operates the bestwestern.com website currently and at all times relevant to this complaint.

4.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

5.  This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of San Diego, and Defendant's offending Website is available throughout California.

6.  Venue it proper in this Court because Defendant conducts business in this County.

2

1     7. Unlimited jurisdiction is proper because Plaintiff seeks a permanent
2 injunction ordering compliance with the Americans with Disabilities Act.
3
4 **PRELIMINARY STATEMENT**
5     8. This is a lawsuit challenging the reservation policies and practices of a
6 place of lodging. Plaintiff does not know if any physical or architectural
7 barriers exist at the hotel and, therefore, is not claiming that that the hotel has
8 violated any construction-related accessibility standard. Instead, this is about
9 the lack of information provided on the hotel's reservation website that would
10 permit plaintiff to determine if there are rooms that would work for him.
11     9. After decades of research and findings, Congress found that there was
12 a "serious and pervasive social problem" in America: the "discriminatory
13 effects" of communication barriers to persons with disability. The data was
14 clear and embarrassing. Persons with disabilities were unable to "fully
15 participate in all aspects of society," occupying "an inferior status in our
16 society," often for no other reason than businesses, including hotels and
17 motels, failed to provide information to disabled travelers. Thus, Congress
18 decided "to invoke the sweep of congressional authority" and issue a "national
19 mandate for the elimination of discrimination against individuals with
20 disabilities," and to finally ensure that persons with disabilities have "equality
21 of opportunity, full participation, independent living" and self-sufficiency.
22     10. As part of that effort, Congress passed detailed and comprehensive
23 regulations about the design of hotels and motels. But, as importantly,
24 Congress recognized that the physical accessibility of a hotel or motel means
25 little if the 61 million adults living in America with disabilities are unable to
26 determine which hotels/motels are accessible and to reserve them. Thus,
27 there is a legal mandate to provide a certain level of information to disabled
28 travelers.

3

11. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

12. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities are never more vulnerable than when leaving their own residences and having to travel and stay at unknown places of lodging. They must be able to ascertain whether those places work for them.

**FACTUAL ALLEGATIONS:**

13. Plaintiff planned on making a trip in October of 2020 to the San Diego, California, area.

14. He chose the Best Western Seven Seas Hotel, San Diego, 411 Hotel Circle South, San Diego, California, because this hotel was at a desirable price and location.

15. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

16. Plaintiff went to the Best Western Seven Seas Hotel website at https://www.bestwestern.com/en_US/book/hotels-in-san-diego/best-western-seven-seasCode.05281.html on September 23, 2020.

17. Plaintiff found that there was little information about the accessibility of the rooms. Under the Amenities tab, it simply made vague and conclusory statements. For example, the Website stated: "Accessible bathrooms and

4

1  features, including shower/tub", "Accessible clear floor space", "Accessible

2  parking spaces and signage (car and van)", and "An accessible reception desk

3  or accessible folding shelf or reception area". Likewise, under the "Mobility

4  Accessible 1 Queen Bed" room tab, the Website simply stated: "Roll In

5  Shower, Mobility Accessible". Another "Mobility Accessible 1 Queen Bed"

6  room stated: "Bathtub, Mobility Accessible". The "Mobility Accessible

7  2 Double Beds" room stated: "Bathtub, Mobility Accessible". These are vague

8  and conclusory statements that do not contain enough information to assess if

9  the room and hotel are accessible. For example, there is no mention if the toilet

10  has proper clear space surrounding it, or if the table/desk is accessible.

11  18. The defendant's reservation system failed to identify and describe the

12  accessible features in the guestroom chosen by the plaintiff in enough detail to

13  reasonably permit him to assess independently whether the particular

14  guestroom met his accessibility needs.

15  19. This lack of information created difficulty for the plaintiff and the idea

16  of trying to book this room -- essentially ignorant about its accessibility --

17  caused discomfort for the Plaintiff.

18  20. Plaintiff would like to patronize this hotel but is deterred from doing so

19  because of the lack of detailed information through the hotel's reservation

20  system. Plaintiff not only travels frequently but is always on the lookout for

21  businesses that violate the law and discriminate against him and other persons

22  with disabilities, intending to have them comply with the law and pay statutory

23  penalties.

24

25

26

27

28

5

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. § 12182(B)(2)(A)(ii).

23. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

      a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

      b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

      c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations

1                              systems.

2                    *See* 28 C.F.R. § 36.302(e).

3     24. Here, the defendant failed to modify its reservation policies and

4 procedures to ensure that it identified and described accessible features in the

5 hotels and guest rooms in enough detail to reasonably permit individuals with

6 disabilities to assess independently whether a given hotel or guest room meets

7 his or her accessibility needs and failed to ensure that individuals with

8 disabilities can make reservations for accessible guest rooms during the same

9 hours and in the same manner as individuals who do not need accessible

10 rooms.

11

12 **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

13 **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

14 Code §§ 51-53.)

15     25. Plaintiff repleads and incorporates by reference, as if fully set forth

16 again herein, the allegations contained in all prior paragraphs of this

17 complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

18 that persons with disabilities are entitled to full and equal accommodations,

19 advantages, facilities, privileges, or services in all business establishment of

20 every kind whatsoever within the jurisdiction of the State of California. Cal.

21 Civ. Code §51(b).

22     26. The Unruh Act provides that a violation of the ADA is a violation of the

23 Unruh Act. Cal. Civ. Code, § 51(f).

24     27. Defendants' acts and omissions, as herein alleged, have violated the

25 Unruh Act by, inter alia, failing to comply with the ADA with respect to its

26 reservation policies and practices.

27     28. Because the violation of the Unruh Civil Rights Act resulted in difficulty

28 and discomfort for the plaintiff, the defendants are also each responsible for

7

EXHIBIT A
PAGE 12

statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: December 7, 2020             CENTER FOR DISABILTY ACCESS

By: _____
Christopher A. Seabock
Attorneys for Plaintiff

8