UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SEVEN SEAS ASSOCIATES, LLC, a California Limited Liability Company; BEST WESTERN INTERNATIONAL, INC., an Arizona Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 21-CV-294 JLS (MDD)<br><br>**ORDER GRANTING DEFENDANT BEST WESTERN INTERNATIONAL, INC.'S MOTION TO DISMISS**<br><br>(ECF No. 12) |

Presently before the Court is Defendant Best Western International, Inc.'s ("Defendant" or "BWI") Motion to Dismiss Plaintiff's First Amended Complaint ("Mot.," ECF No. 12). Plaintiff filed a response to Defendant's Motion ("Opp'n," ECF No. 14), and Defendant filed a reply in support of its Motion ("Reply," ECF No. 16). The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 15. Having carefully reviewed Plaintiff's First Amended Complaint ("FAC," ECF No. 1-2, Ex. A), the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion.

# BACKGROUND[1]

Plaintiff Orlando Garcia sues Seven Seas Associates, LLC ("Seven Seas") and BWI for violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). *See* FAC at 1. Plaintiff's claims are based on 20 C.F.R. § 36.302(e) ("Reservations Rule").

Plaintiff suffers from cerebral palsy and is limited in his ability to walk. FAC ¶ 1. As such, he uses a wheelchair, walker, or cane for mobility. *Id.* Plaintiff is also a frequent traveler and is "always on the lookout for businesses that violate the law or discriminate against him," with the intent to "have [discriminatory businesses] comply with the law and pay statutory penalties." *Id.* ¶ 20. Due to Plaintiff's physical limitations, when he travels he requires an accessible hotel room that includes clearance around the beds and throughout the guestroom, as well as accessible sinks, tubs or showers, and toilets in the restrooms. *Id.* ¶ 15. "In short, he benefits from and needs compliant accessible guestroom features." *Id.*

In preparation for a trip to San Diego, California in October 2020, Plaintiff visited the website of the Best Western Seven Seas Hotel ("the Hotel") on September 23, 2020. *Id.* ¶¶ 13, 16. Seven Seas owns and operates the Hotel, and BWI owns and operates the bestwestern.com website. *Id.* ¶¶ 2–3. Plaintiff noted that the bestwestern.com website advertises the Hotel as having "'Accessible bathrooms and features, including shower/tub', 'Accessible clear floor space', 'Accessible parking spaces and signage (car and van)', and 'An accessible reception desk or accessible folding shelf or reception area.'" *Id.* ¶ 17. The "Mobility Accessible 1 Queen Bed" room tab advertised both a "Roll In Shower, Mobility Accessible" and a "Bathtub, Mobility Accessible." *Id.* The "Mobility Accessible 2 Double Beds Room" also advertised a "Bathtub, Mobility Accessible." *Id.*

///

---

[1] The facts alleged in Plaintiff's First Amended Complaint are accepted as true for purposes of Defendant's Motion. *See Vasquez v. Los Angles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

Plaintiff chose the Hotel due to its desirable price and location but was uncomfortable with the "lack of information" regarding accessibility on the Hotel website, including the "vague and conclusory statements" pertaining to the accessible hotel rooms that "do not contain enough information to assess if the room and hotel are accessible." *Id.* ¶¶ 14, 18. Ultimately, Plaintiff alleges he was deterred from patronizing the Hotel because he was unable to "assess independently whether the particular guestroom met his accessibility needs" through the website. *Id.* ¶ 18.

Plaintiff filed the initial complaint in San Diego County Superior Court on October 7, 2020 and the operative FAC on December 15, 2020. *See* ECF No. 1. On February 18, 2021, BWI removed the case to this Court. ECF No. 1. BWI filed the present Motion on March 25, 2021. *See* ECF No. 12.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

*Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id.* (quoting *Twombly*, 550 U.S. at 557).  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)).  Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

As relevant to the present Motion, Plaintiff's FAC asserts two claims against BWI: (1) a violation of the ADA; and (2) a violation of the Unruh Act.  FAC ¶¶ 25–28.  BWI contends that the Court must dismiss all of Plaintiff's claims against it because Plaintiff fails to state any claim on which relief may be granted.  *See* Mot. at 6.  Defendant argues that it cannot be liable under the Reservations Rule because it is not an entity that owns, leases, or operates a place of lodging.  *Id.* at 7–8.  Whether Defendant owns, leases, or

///

operates a place of lodging is a threshold issue here and as it is ultimately dispositive, this is the only argument raised in BWI's Motion that the Court will address.

Title III of the ADA prohibits discrimination "on the basis of a disability in the full and equal enjoyment of . . . any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on a Title III claim, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Love v. Wildcats Owner LLC*, No. 20-CV-08913-DMR, 2021 WL 1253739, at *3 (N.D. Cal. Apr. 5, 2021) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

Pursuant to the Reservations Rule promulgated under the ADA:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall . . . Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms [and] identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs[.]

28 C.F.R. § 36.302(e)(1). The Ninth Circuit has held that a "place of public accommodation," as the term is used in Title III of the ADA, refers to "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). However, entities covered by the ADA must "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii). Title III's "auxiliary aids and services" requirement can

apply to a place of public accommodation's website. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) ("The statute applies to the services of a place *of* public accommodation, not services *in* a place of public accommodation. To limit the ADA to discrimination in the provision of services occurring on the premises of a public accommodation would contradict the plain language of the statute." (quoting *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) (emphasis in original)).

Here, Plaintiff alleges that Defendant violated the Reservations Rule because it:

> failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

FAC ¶ 24. Defendant argues that the Reservations Rule does not apply to BWI because BWI is not a place of public accommodation and does not own, operate, or lease a place of lodging. Mot. at 1. Rather, Defendant argues that the only proper defendant in this action is Seven Seas, as it independently owns and operates the Hotel, and the Reservations Rule only applies to owners and operators of independent lodging. Mot. at 8. In response, Plaintiff contends that this argument fails for two reasons. *See* Opp'n at 22–24. Plaintiff argues that (1) Defendant is liable as an "operator" of a place of lodging, and (2) Defendant is a necessary party under Rule 19 to fashion injunctive relief. *Id.* at 22–23.

Plaintiff has not alleged that Defendant BWI owns, operates, or leases a public place of accommodation as required under the Reservations Rule. *See generally* FAC. Instead, Plaintiff alleges that Seven Seas "owns and operates [the Hotel] currently and at all times relevant to this complaint," while BWI only "owns and operates the bestwestern.com website currently and at all times relevant to this complaint." FAC ¶¶ 2–3. Therefore, as

presently alleged, BWI is a third-party owner and operator of the reservation website and does not own, lease, or operate the physical Hotel at issue. The U.S. Department of Justice guidance is instructive on this point:

> Hotels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms.

Department of Justice, Americans with Disabilities Act Title III Regulations: Part 36 Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities (Jan. 17, 2017) [hereinafter DOJ Guidance].[2] Unlike in *Robles*, in which the Ninth Circuit extended ADA liability to the defendant's website where the defendant owned both the physical restaurant and the website at issue, Plaintiff does not allege that BWI owns, leases, or operates the Hotel. *Cf. Robles*, 913 F.3d at 905 (9th Cir. 2019). Seven Seas, as the owner and operator of the Hotel, is the proper defendant for an alleged violation of the ADA on the Hotel's website. Plaintiff's argument that Defendant is liable as an "operator" misses the mark. *See* Opp'n at 22–23. The Ninth Circuit has interpreted "operation" within the regulations to mean "the relationship between a private entity and a physical place that renders the entity responsible under Title III." *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 875 (9th Cir. 2004) (citing 28 C.F.R. § 36.104). Arguing that Defendant is an "operator" still requires Defendant to be the entity responsible for the physical Hotel, which Plaintiff has not alleged here.

    Next, Plaintiff argues that Defendant "operates and controls the reservation website for a place of public accommodation and in its absence, the Court would not be able to 'accord complete relief among existing parties.'" Opp'n at 25 (quoting Fed. R. Civ. P. 19(a)(1)(A)). Rule 19(a) sets forth two circumstances under which an absent party is

---

[2] Available at https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm.

1  necessary to the suit. Fed. R. Civ. P. 19(a). Plaintiff relies on the first circumstance, which
2  states that an absent party must be joined "if in that person's absence, the court cannot
3  accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "This factor
4  is concerned with consummate rather than partial or hollow relief as to those already
5  parties, and with precluding multiple lawsuits on the same cause of action." *Northrop*
6  *Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).

   Plaintiff has not sufficiently argued that Defendant is a necessary party under Rule
   19. It is apparent to the Court that Plaintiff's requested remedy for injunctive relief is
   available absent BWI. The U.S. Department of Justice has made clear that the owner and
   operator of the Hotel is the entity that "must provide these third-party services with
   information concerning the accessible features of the hotel and the accessible rooms." *See*
   DOJ Guidance. Liability under the Reservations Rule does not extend to an entity that
   operates a reservation website unless that entity is also responsible for the physical place
   of lodging.

   Thus, Plaintiff's allegations with respect to BWI in the FAC are insufficient to state
   a claim under the ADA. Because there is an insufficient basis for an ADA claim, there is
   also an insufficient basis for an Unruh Act claim. *See* Cal. Civ. Code § 51(f); *Arroyo v.*
   *Newage Desert Springs, LLC*, 2021 WL 4260663, 7 (2021) ("Because Plaintiff fails to state
   a claim under the ADA, his Unruh Act claim – predicated on Defendant's alleged violation
   of the ADA – also fails.").

   Accordingly, the Court **GRANTS** Defendant BWI's Motion and **DISMISSES**
   **WITHOUT PREJUDICE** Plaintiff's FAC under the ADA and the Unruh Act as to
   Defendant BWI.

## CONCLUSION

   For the reasons set forth above, the Court **GRANTS** Defendant's Motion (ECF No.
   12) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant
   BWI. Plaintiff **MAY FILE** an amended complaint within thirty (30) days of the date of
   the electronic docketing of this Order. ***Failure to file a second amended complaint within***

*thirty (30) days of the electronic docketing of this Order will result in dismissal with prejudice of all claims asserted against BWI without further order of the Court.*

**IT IS SO ORDERED.**

Dated: January 3, 2022

Hon. Janis L. Sammartino
United States District Judge